1    Janet Lindner Spielberg (SBN 221926)     Joseph N. Kravec, Jr. (*pro hac* to be filed)
      **LAW OFFICES OF JANET LINDNER**     Wyatt A. Lison (*pro hac* to be filed)
2      **SPIELBERG**                 Maureen Davidson-Welling (*pro hac* to be filed)
3    12400 Wilshire Boulevard, #400       **STEMBER FEINSTEIN DOYLE**
      Los Angeles, California 90025        **& PAYNE, LLC**
4    Tel: (310) 392-8801              Allegheny Building, 17th Floor
      Fax: (310) 278-5938             429 Forbes Avenue
5    Email: jlspielberg@jlslp.com       Pittsburgh, PA 15219
                                   Tel: (412) 281-8400
6    Michael D. Braun (SBN 167416)     Fax: (412) 281-1007
      **BRAUN LAW GROUP, P.C.**         Email: jkravec@stemberfeinstein.com
7    10680 West Pico Boulevard, Suite 280           wlison@stemberfeinstein.com
      Los Angeles, California 90064          mdavidsonwelling@stemberfeinstein.com
8    Tel: (310) 836-6000
      Fax: (310) 836-6010
9    Email: service@braunlawgroup.com

10

11    *ATTORNEYS FOR PLAINTIFF*

12                 IN THE UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15    **CHANEE THURSTON**, on behalf of herself    CASE NO.: **C11-04286**
16    and all others similarly situated,
17                      Plaintiff,    **CLASS ACTION**
18                 v.                 **COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**
19    **SAFEWAY, INC.,**
20                    Defendant.    **DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

Plaintiff, by her attorneys, brings this class action against Defendant Safeway, Inc. ("Safeway" or "Defendant"), on her own behalf and on behalf of all others similarly situated, and alleges as follows based upon information and belief and the investigation of her counsel:

## INTRODUCTION

1.      This is a class action on behalf of a nationwide class and a California sub-class of consumers who purchased Safeway Select™ Kona Blend beginning August 30, 2007 through the present ("Class Period"). During the Class Period, Safeway has marketed, distributed, and sold Safeway Select™ Whole Bean Kona Blend Coffee and Safeway Select™ Ground Bean Kona Blend Coffee (collectively, "Kona Blend Coffee") in its retail grocery stores in California and throughout the United States. Although Safeway denominates the Kona Blend Coffee as a "Kona Blend" and promotes the benefits of Kona coffee on its labels as if Kona beans are the major portion of the Kona blend, Kona coffee beans neither constitute the majority nor a substantial proportion of the coffee beans in the Kona Blend Coffee. In fact, Safeway's Kona Blend Coffee contains only a very small proportion of Kona beans.

2.      Throughout the Class Period, Safeway prominently displayed the moniker "Kona Blend" on the labels of its Kona Blend Coffee, creating the impression that Kona coffee beans comprise all of, or at least a substantial proportion of, the Kona Blend Coffees, in an effort to promote the sale of these products. Prior to 2011, the Kona Blend Coffee labels did not disclose that any of the coffee beans contained in the Kona Blend Coffee came from regions other than the Kona region of Hawaii. This is a significant omission since the majority of the coffee beans in the Kona Blend Coffee are sourced from regions other than the Kona region of Hawaii. In 2011, the Kona Blend Coffee labels still portrayed Kona beans as the majority or substantial proportion of the Kona Blend, but began in a small statement on the back of the package to indicate that at least some Latin America beans were being used, stating **"KONA BLEND** One of the most highly prized coffees in the world, the delicate and smooth flavors of our Kona beans combine in perfect harmony with our Latin American beans to create this fragrant cup." In light of the Kona Blend Coffee's representation that it was a "Kona Blend," one would expect the Kona Blend Coffee to be comprised entirely and/or in largest part by coffees coming from the Kona region of Hawaii. Indeed, as a result

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

1 | of this false and misleading labeling, Safeway was able to sell these supposedly "Kona Blend"
2 | coffee products to thousands of unsuspecting consumers in California and throughout the United
3 | States and to profit handsomely from these transactions.

4 |      3.     Safeway has its principal place of business in Pleasanton, California and operates,
5 | manages and directs its nationwide sales and business operations from its offices in California. In
6 | addition, seven of Safeway's nineteen manufacturing areas, and three of its thirteen distribution
7 | areas, are located in California, from which Safeway operates and directs the majority, or at least a
8 | substantial proportion, of its nationwide sales and business operations. It is therefore believed and
9 | averred that the misleading labeling and related misconduct at issue in this Complaint occurred, were
10 | conducted and/or were directed primarily from, or at least a substantial proportion emanated from,
11 | California, including, but not limited to: a) the design of the Kona Blend Coffee brand and
12 | packaging; b) the review, approval and revision of Kona Blend Coffee product and labeling; and c)
13 | the management and supervision of sales operations to Plaintiff and the Class.

14 |      4.     Plaintiff alleges Safeway's conduct gives rise to common law fraud and violates the
15 | unlawful, unfair and fraudulent prongs of California's Business and Professions Code section 17200,
16 | *et. seq.* (the "UCL"), the California Business & Professions Code § 17500 *et. seq.* (the "FAL"), and
17 | the Consumer Legal Remedies Act, § 1750 *et. seq.* ("CLRA"). Plaintiff also alleges that Safeway's
18 | conduct is grounds for restitution on the basis of quasi-contract/unjust enrichment.

19 |      5.     Plaintiff also seeks injunctive and declaratory relief based upon Safeway's conduct
20 | asserted in this Complaint. Safeway Kona Blend Coffee continues to be labeled as a "Kona Blend"
21 | even though it contains minimal quantities of Kona coffee beans, and the majority of the coffee
22 | beans in Safeway's Kona Blend Coffee are sourced from other regions. Moreover, even if the
23 | "Kona Blend" representation is voluntarily removed from the labels, Safeway is not presently
24 | enjoined from putting the "Kona Blend" representation back on its labels at any time it so decides,
25 | even if its Kona Blend Coffee still has very little Kona coffee bean content. Accordingly, Plaintiff
26 | seeks declaratory and injunctive relief to ensure Safeway removes any and all of the "Kona Blend"
27 | representations from labels on its Kona Blend Coffee or be required to disclose on the labels the
28 | proportion of Kona beans actually used in the Kona Blend Coffee, and to prevent Safeway from

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

1   making the "Kona Blend" representation on its Kona Blend Coffee without this disclosure in the

2   future as long as these products continue to contain minimal amounts of Kona coffee beans that do

3   not comprise a majority of the Kona Blend Coffee.

**PARTIES**

5       6.       Plaintiff Chanee Thurston is currently domiciled in and is a resident of Benicia,

6   California.  Ms. Thurston is and has been aware of Kona coffee's reputation as a very desirable,

7   high-quality coffee with a unique flavor.  During the last three years, Ms. Thurston has routinely

8   purchased Safeway's Safeway Select™ Kona Blend Whole Bean Coffee from Safeway stores in

9   California.   In 2006, Ms. Thurston lived in Vallejo, California and purchased Kona Blend Coffee at

10  the Safeway store near her then residence.  In 2007, Ms. Thurston lived in Concord, California and

11  purchased Kona Blend Coffee at the Safeway store near her then residence. While Ms. Thurston was

12  living in Albany (Berkeley), California from March 2008 thru April 2009, she purchased the Kona

13  Blend Coffee at the Safeway store near her then residence in Albany (Berkeley), California.   After

14  moving to her current residence in April 2009, Ms. Thurston has continued purchasing these Kona

15  Blend Coffee at Safeway store near her current residence. Based on Safeway's representations that

16  the Kona Blend Coffee was a "Kona Blend," and its additional statement "Revel in the unmatched

17  taste of savory beans from Hawaii's big island" that was on the labels prior to 2011 and its additional

18  statement **"KONA BLEND** One of the most highly prized coffees in the world, the delicate and

19  smooth flavors of our Kona beans combine in perfect harmony with our Latin American beans to

20  create this fragrant cup" that appeared on the labels in 2011, Ms. Thurston believed that the Kona

21  Blend Coffee was comprised largely or entirely of high quality coffee beans from the Kona region of

22  Hawaii and relied on these representations in making her purchases.  Upon information and belief,

23  the Kona Blend Coffee that Ms. Thurston purchased contained very little Kona coffee, and instead

24  contained far larger quantities of non-Kona coffee.  While touting the product as a "Kona Blend,"

25  the Kona Blend Coffee labels Ms. Thurston relied on neither disclosed that the percentage of Kona

26  coffee in the Kona Blend Coffee, nor otherwise indicated that the majority of the product was non-

27  Kona coffee beans.  Ms. Thurston not only purchased the Kona Blend Coffee because the label said

28  it was a "Kona Blend" but she paid more money for the Kona Blend Coffee she purchased than she

1    would have had to pay for other similar coffee products that contained large amounts of non-Kona

2    coffee beans.  Had Ms. Thurston known the truth that Safeway's supposedly "select" Kona Blend

3    Coffee in fact contained minimal amounts of Kona coffee and was largely comprised of other, non-

4    Kona beans, she would not have purchased the Kona Blend Coffee, but would have purchased

5    another brand of coffee that contained higher proportions of Kona coffee beans or would have

6    purchased another coffee product that did not have any Kona coffee beans but which was less

7    expensive than the Kona Blend Coffee.  Ms. Thurston did not receive the ""Kona Blend" she

8    bargained for when she purchased Safeway's Kona Blend Coffee, and has lost money as a result in

9    the form of paying a premium for Kona Blend Coffee because it was purportedly a "Kona Blend"

10   instead of paying the lesser amount for similar non-Kona or low-Kona coffee alternatives.

11        7.      Defendant Safeway, Inc. is a Delaware corporation that currently maintains its

12   headquarters at 5918 Stoneridge Mall Road, Pleasanton, California 94588.  Safeway is one of the

13   largest food and drug retailers in North America (based on sales).  Safeway operates more than 1,600

14   stores in the Western, Southwestern, Rocky Mountain, midwestern and Mid-Atlantic regions of the

15   United States and in Western Canada, including more than 500 grocery stores in California.

16   Safeway has an extensive network of distribution, manufacturing and food processing facilities,

17   including seven manufacturing areas and three distribution areas in California.

18                                **JURISDICTION AND VENUE**

19        8.      Jurisdiction of this Court is proper under 28 U.S.C. §1332, as diversity between the

20   parties exists.  Representative Plaintiff Chanee Thurston is a citizen of California residing in Benicia,

21   California.  Defendant is a Delaware corporation with its principle place of business in Pleasanton,

22   California.  The nationwide Class consists of citizens and residents from states across the country.

23        9.      Upon information and belief, the amount in controversy exceeds $5,000,000 for

24   Representative Plaintiff, Class and Sub-Class members collectively, exclusive of interest and costs,

25   by virtue of the combined purchase prices paid by Plaintiff, the Class and the Sub-Class, and the

26   profit reaped by Defendant from its transactions with Plaintiff, the Class and the Sub-Class, as a

27   direct and proximate result of the wrongful conduct alleged herein, and by virtue of the injunctive

28   and equitable relief sought.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

10.     Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). Defendant maintains offices and has agents, transacts business or is found within this judicial district.  Moreover, a substantial portion of the underlying transactions and events complained of herein occurred and affected persons and entities in this judicial district, and Defendant has received substantial compensation from such transactions and business activity in this judicial district, including as the result of purchases of Defendant's Kona Blend Coffee from its retail locations herein.  Finally, Defendant inhabits and/or may be found in this judicial district, and the interstate trade and commerce described herein is and has been carried out in part within this judicial district.

## BACKGROUND

11.     Kona Coffee is the market name for a variety of coffee cultivated on the slopes of Mount Hualalai and Mauna Loa in the North and South Kona Districts of the Big Island of Hawaii. The Kona Districts comprise an area of only 22 miles long and 2 miles wide.  Since the area in which Kona coffee is grown is so small, the harvest is small. Much of the production of Kona coffee is from small, local farms in the Kona Districts.

12.     Kona coffee has a reputation for having a unique, full, sweet and mellow flavor, and is marketed as a high-end gourmet coffee because of the short supply and high demand.  It is one of the most expensive coffees in the world.

13.     The "Kona" coffee appellation carries with it an implicit statement of quality important to consumers – quality that consumers are often willing to pay a premium for over comparable products that do not contain Kona coffee.

## SAFEWAY'S "KONA BLEND" LABELING IS MISLEADING

14.     Safeway offers a number of products through exclusive Safeway brands, including its Safeway Select™ brand.  The company's website describes the Safeway Select™ brand as follows:

**Safeway SELECT®**
Who says life has to be ordinary? Safeway SELECT brings unexpected surprises to you and your family in every aisle. From freshly baked artisan breads to aromatic gourmet coffees to remarkable frozen meals, each selection has been thoughtfully created to be a step above the ordinary. Whatever you need, Safeway SELECT has added a special little something to make it a delight to you and your family

http://www.safeway.com/IFL/Grocery/Our-Brands.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

15.   Among the "select" "aromatic gourmet coffees" that Safeway markets, sells, and distributes to consumers as part of its "Safeway Select™" brand is the Kona Blend Coffee.

16.   Prior to 2011, the Kona Blend Coffee labels emphasized the coffee beans' origin in the Kona Districts of Hawaii. In addition to the product's "Kona Blend" name, which is prominently featured in large bold print on the label, the front and side labels included statements such as "REVEL IN THE UNMATCHED TASTE OF SAVORY BEANS FROM HAWAII'S BIG ISLAND. THIS DELICATE AND FRAGRANT BLEND IS TRULY UNFORGETTABLE." The text on the back panel (which is the same back panel text on all of the Safeway Select origin coffees--e.g., Safeway Select Sumatra, Safeway Select Costa Rica, etc.) also reads: "ESCAPE TO A COFFEE DESTINATION.   From the lush soils of Colombia to the island paradise of Kona, we comb the globe to bring you only the finest flavors that nature has to offer. Made from 100% Arabica coffee beans and hand-roasted to perfection using exclusive proprietary methods, Safeway SELECT premium coffees offer a delectable escape from the ordinary. 100% Arabica beans."

17.   Although the Kona Blend Coffee is a blend of Kona coffee and other less desirable coffee, the Kona Blend Coffee labels prior to 2011 did not give any indication that any of the coffee beans contained in the Kona Blend Coffee are not grown in the Kona region of Hawaii.

18.   In 2011, the Kona Blend Coffee labels still falsely portrayed Kona beans as the majority or substantial proportion of the Kona Blend, but began in a small statement on the back of the package to indicate that at least some Latin America beans were being used, stating "**KONA BLEND** One of the most highly prized coffees in the world, the delicate and smooth flavors of our Kona beans combine in perfect harmony with our Latin American beans to create this fragrant cup."

19.   Safeway has labeled its Kona Blend Coffee as "Kona Blend" and emphasized the geographic origin of the coffee as coming from the Kona Districts throughout the Class Period, even though the majority of the coffee in Safeway's Kona Blend Coffee does not come from the Kona Districts, in order to take advantage of the consumers knowledge of the high quality of Kona coffee and their desire to drink Kona coffee. Safeway could have used higher amounts of Kona coffee in the Kona Blend Coffee, so that a substantial proportion and/or majority portion and/or all of the Kona Blend Coffee came from the Kona Districts, although it did not do so. Safeway also could

---

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

1   have included language disclosing the actual proportion of the coffee beans in the Kona Blend

2   Coffee which are derived from the Kona Districts, but it did not include such language on the labels

3   of the Kona Blend Coffee. This omission is significant and material given its representations on the

4   Kona Blend Coffee labels that the product is a "Kona Blend" and a "premium" coffee and comes

5   from "Hawaii's big island." Indeed, based on these representations, one would normally expect the

6   Kona Blend Coffee to constitute a majority of the blend of Kona coffees, or at least that Kona

7   coffees would constitute a significant proportion of the coffee in Safeway's Kona Blend Coffee.

8       20.   Safeway has used the "Kona Blend" name to sell its Kona Blend Coffee. Yet, the

9   existence and high proportion of non-Kona coffee beans and in the Kona Blend Coffee renders the

10  use of the label "Kona Blend" false and misleading. In labeling, marketing, and distributing its

11  Kona Blend Coffees, Defendant had a choice between using additional Kona coffee or disclosing the

12  true amount of Kona coffee in the product in order to avoid misleading consumers. However, it

13  chose neither option, and instead distributed, marketed and sold the Kona Blend Coffee to

14  consumers as containing all, a majority or a substantial proportion of Kona beans, when in fact it

15  contained insignificant amounts of Kona coffee. As a matter of law, Safeway must now reconcile its

16  labeling with the true content of its products.

17                          **CLASS ACTION ALLEGATIONS**

18      21.   Plaintiff bring this action on behalf of herself and on behalf of all other members of

19  the Class ("Class"), defined as all consumers who, on or after August 30, 2007, purchased Safeway's

20  Kona Blend Coffee in the United States. Plaintiff brings this Class pursuant to Federal Rule of Civil

21  Procedure 23(a), and (b)(1), 23(b)(2) and 23(b)(3). Plaintiff reserves the right to modify this

22  definition of the Class as may be necessary as this litigation proceeds.

23      22.   In the event the Court does not certify a nationwide class, Plaintiff alternatively

24  brings this action on behalf of herself and on behalf of all other members of the Sub-Class ("Sub-

25  Class"), defined as all persons who, on or after August 30, 2007, purchased Safeway's Kona Blend

26  Coffee in the State of California and in any other state with similar laws. Plaintiff brings this Sub-

27  Class pursuant to Federal Rule of Civil Procedure 23(a), and (b)(1), 23(b)(2) and 23(b)(3).

28

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

23.    Excluded from the Class and Sub-Class are: (i) all persons who purchased Kona Blend Coffee for resale; (ii) Defendant and its employees, principals, affiliated entities, legal representatives, successors and assigns; (iii) any person who files a valid, timely request for exclusion; and (iv) the judges to whom this action is assigned and any members of their immediate families.

24.    Upon information and belief, there are thousands of Class members who are geographically dispersed throughout the United States and Sub-Class members who are geographically dispersed throughout the State of California.   Therefore, individual joinder of all members of the Class or Sub-Class would be impracticable.

25.    Common questions of law or fact exist as to all members of the Class and Sub-Class. These questions predominate over the questions affecting only individual class members.   These common legal or factual questions include:

a.  whether Safeway labels its Kona Blend Coffee as a "Kona Blend";

b.  whether Safeway's Kona Blend Coffee contains an insignificant amount of Kona coffee;

c.  whether Safeway's "Kona Blend" labeling is likely to deceive Class or Sub-class members or the general public;

d.  whether Safeway's representations are unlawful, unfair or fraudulent;

e.  the appropriate measure of damages, resitutionary disgorgement and/or restitution.

26.    Plaintiff's claims are typical of the claims of the Class and Sub-Class, in that Plaintiff is a consumer who purchased Safeway's Kona Blend Coffee in the United States and in California that did not contain any significant quantity of Kona coffee. Plaintiff, therefore, is no different in any relevant respect from any other Class or Sub-Class member, and the relief sought is common to the Class and Sub-Class.

27.    Plaintiff is an adequate representative of the Class and Sub-Class because her interests do not conflict with the interests of the Class and Sub-Class members she seeks to represent, and she has retained counsel competent and experienced in conducting complex class

1 action litigation. Plaintiff and her counsel will adequately protect the interests of the Class and Sub-
2 Class.

3      28.    A class action is superior to other available means for the fair and efficient
4 adjudication of this dispute. The damages suffered by each individual class member likely will be
5 relatively small, especially given the relatively small cost of the Kona Blend Coffee products at issue
6 and the burden and expense of individual prosecution of the complex litigation necessitated by
7 Safeway's conduct. Thus, it would be virtually impossible for the Class and Sub-Class members
8 individually to effectively redress the wrongs done to them. Moreover, even if the Class and Sub-
9 Class members could afford individual actions, it would still not be preferable to class-wide
10 litigation. Individualized actions present the potential for inconsistent or contradictory judgments.
11 By contrast, a class action presents far fewer management difficulties and provides the benefits of
12 single adjudication, economies of scale, and comprehensive supervision by a single court.

13      29.    In the alternative, the Class and Sub-Class may be certified because Safeway has
14 acted or refused to act on grounds generally applicable to the Class and Sub-Class, thereby making
15 appropriate preliminary and final equitable relief with respect to the Class and Sub-Class.

16 **FIRST CAUSE OF ACTION**
**(Common Law Fraud)**
17
18
19      30.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates
20 them as if they were fully written herein. This Count is brought on behalf of Plaintiff, the Class and
21 the Sub-Class.

22      31.    Defendant's product labels for its Kona Blend Coffee uniformly misrepresented
23 during the Class Period that its Kona Blend Coffee was a "Kona Blend" and from "Hawaii's big
24 island" or contains a majority or substantial proportion of Kona beans, when in fact the Kona Blend
25 Coffee contains very little Kona coffee and is largely comprised of coffee from places other than
26 Hawaii's Kona Districts. While Defendant's labels did uniformly disclose during the Class Period
27 that its Kona Blend Coffee was a blend, it uniformly did not disclose during the Class Period that the
28 blend was not a blend of Kona coffees or that it did not contain a majority or substantial proportion

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

of Kona beans, but rather it was a blend of a small amount of Kona coffee with a much larger amount of less-desirable, non-Kona coffee. Thus, the disclosures on its labels that the Kona Blend Coffee was a "Kona Blend" and from "Hawaii's big island" constitute affirmative acts of concealment and non-disclosure since the Kona Blend Coffee contained non-Kona coffee, and the information about whether and how much non-Kona coffee was contained in Safeway's Kona Blend Coffee was known only by Defendant. Defendant had a duty to disclose this material information in light of its representation on its labels that the coffee was a "Kona Blend" and from "Hawaii's big island."

32.   Defendant's "Kona Blend" and origin-related statements and representations and its affirmative concealments and omissions described herein were material in that there was a substantial likelihood that a reasonable prospective purchaser of its Kona Blend Coffee would have considered them important when deciding whether or not to purchase the Kona Blend Coffee.

33.   Defendant knew or recklessly disregarded that its Kona Blend Coffee contained less than a majority and only insubstantial amounts of Kona coffee, and uniformly misrepresented its Kona Blend Coffee as a "Kona Blend" and affirmatively concealed and omitted the truth with the intent and purpose of inducing consumers (*i.e.*, Plaintiff and the Class and Sub-Class) to purchase its Kona Blend Coffee.

34.   Defendant failed to disclose, misrepresented and/or concealed the foregoing material facts from Plaintiff and the Class and Sub-Class knowing that these facts may have justifiably induced them to refrain from purchasing Defendant's Kona Blend Coffee and instead purchase another manufacturer's coffee that actually contained substantial amounts of Kona coffee, or to purchase a less expensive non-Kona substitute coffee product.

35.   As set forth in paragraphs 6 of this Complaint, Plaintiff relied on Defendant's "Kona Blend" representations on its Kona Blend Coffee labels as a material basis for her decisions to purchase Defendant's Kona Blend Coffee. Moreover, based on the very materiality of Defendant's misrepresentations, concealments and omissions uniformly made on or omitted from its Kona Blend Coffee labels, Class and Sub-Class members' reliance on those misrepresentations, concealments

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

1  and omissions as a material basis for their decision to purchase Defendant's Kona Blend Coffee may

2  be presumed or inferred for all Class and Sub-Class members.

3      36.    Defendant carried out the scheme set forth in this Complaint willfully, wantonly and

4  with reckless disregard for the interests of Plaintiff and the Class and the Sub-Class.

5      37.    By reason of the foregoing, Plaintiff and members of the Class and Sub-Class have

6  been injured by purchasing Kona Blend Coffee represented to be a "Kona Blend" which in fact had

7  insufficient Kona-coffee to be such, and/or by paying a premium for that supposed "Kona Blend"

8  over less expensive non-Kona coffee alternatives. Plaintiff, the Class and Sub-Class are therefore

9  entitled to recover damages, punitive damages, equitable relief such as restitution and disgorgement

10  of profits, and declaratory and injunctive relief.

**SECOND CAUSE OF ACTION**
**("Unlawful" Business Practices in Violation of**
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, et seq.)**

38.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein. This Count is brought on behalf of Plaintiff, the Class and the Sub-Class.

39.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code 17200.

40.    A business act or practice is "unlawful" if it violates any established state or federal law.

41.    California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Article 6, Section 110660 provides that: "Any food is misbranded if its labeling is false or misleading in any particular."

42.    Safeway has violated, and continues to violate the Sherman Law, Article 6, Section 110660 and hence has also violated and continues to violate the "unlawful" prong of the UCL through its use of the term "Kona Blend" on the labels of its Kona Blend Coffee that contained very little Kona coffee as described throughout this Complaint.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

43.    By committing the acts and practices alleged above, Safeway has engaged, and continues to be engaged, in unlawful business practices within the meaning of California Business and Professions Code 17200 *et seq.*

44.    Through its unlawful acts and practices, Safeway has obtained, and continues to unfairly obtain, money from members of the Class and Sub-Class. As such, Plaintiff requests that this Court cause Safeway to restore this money to Plaintiff and the Class and the Sub-Class members, to disgorge the profits Safeway made on these transactions, and to enjoin Safeway from continuing to violate the Unfair Competition Law or violating it in the same fashion in the future as discussed herein. Otherwise, the Class and Sub-Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CAUSE OF ACTION**
**("Unfair" Business Practices in Violation of**
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, et seq.)**

45.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein. This Count is brought on behalf of Plaintiff and the Class and Sub-Class.

46.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code 17200.

47.    A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

48.    Safeway has and continues to violate the "unfair" prong of the UCL through its misleading description of its products as "Kona Blends" when indeed most of the coffee contained in its Kona Blend Coffee does not come from Hawaii's Kona Districts and does not contain a majority or substantial proportion of Kona beans. The gravity of the harm to members of the Class and Sub-Class resulting from such unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of Safeway for engaging in such deceptive acts and practices. By committing the

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

1   acts and practices alleged above, Safeway has engaged, and continues to be engaged, in unfair

2   business practices within the meaning of California Business and Professions Code 17200 *et seq.*

3         49.    Through its unfair acts and practices, Safeway has obtained, and continues to unfairly

4   obtain, money from members of the Class and Sub-Class.  As such, Plaintiff request that this Court

5   cause Safeway to restore this money to Plaintiff and all Class and all Sub-Class members, to

6   disgorge the profits Safeway has made on its Kona Blend Coffees, and to enjoin Safeway from

7   continuing to violate the Unfair Competition Law or violating it in the same fashion in the future as

8   discussed herein.  Otherwise, the Class and Sub-Class may be irreparably harmed and/or denied an

9   effective and complete remedy if such an order is not granted.

10                            **FOURTH CAUSE OF ACTION**
                **("Fraudulent" Business Practices in Violation of**

11         **The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, et seq.)**

12

13         50.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates

14   them as if they were fully written herein.  This Count is brought on behalf of Plaintiff and the Class

15   and Sub-Class.

16         51.    The UCL defines unfair business competition to include any "unlawful, unfair or

17   fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal.

18   Bus. & Prof. Code §17200.

19         52.    A business act or practice is "fraudulent" under the Unfair Competition Law if it

20   actually deceives or is likely to deceive members of the consuming public.

21         53.    Safeway's acts and practices of mislabeling their products as a "Kona Blend" despite

22   the fact they contained insubstantial amounts of Kona coffee has the effect of misleading consumers

23   into believing the products are something they are not.

24         54.    As a result of the conduct described above, Safeway has been, and will continue to

25   be, unjustly enriched at the expense of Plaintiff and members of the proposed Class and Sub-Class.

26   Specifically, Safeway has been unjustly enriched by the profits it has obtained from Plaintiff and the

27   Class and Sub-Class from the purchases of Kona Blend Coffee products sold by them.

28

---

14

55.     Through its unfair acts and practices, Safeway has improperly obtained, and continues to improperly obtain, money from members of the Class and Sub-Class.  As such, Plaintiff request that this Court cause Safeway to restore this money to Plaintiff and all Class and all Sub-Class members, to disgorge the profits Safeway has made on its Kona Blend Coffee products, and to enjoin Safeway from continuing to violate the Unfair Competition Law or violating it in the same fashion in the future as discussed herein.  Otherwise, the Class and Sub-Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FIFTH CAUSE OF ACTION
### (False Advertising in Violation of
### California Business & Professions Code 17500, et seq.)

56.     Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

57.     This cause of action is brought by Plaintiff on behalf of herself, the Class and Sub-Class members, and the general public of the State of California.

58.     Defendant uses advertising on its packaging to sell its Kona Blend Coffee products. Defendant is disseminating advertising concerning its goods which by its very nature is deceptive, untrue, or misleading within the meaning of California Business & Professions Code 17500, *et seq.* because those advertising statements contained on its product labels are misleading and likely to deceive, and continue to deceive, members of the putative class and the general public as described throughout this Complaint.

59.     In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code 17500, *et seq.*

60.     The misrepresentations and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore constitute a violation of, California Business & Professions Code 17500, *et seq.*

61.     Through its deceptive acts and practices, Defendant has improperly and illegally obtained money from Plaintiff and members of the putative Class and Sub-Class.  As such, Plaintiff

---

15

1   requests that this Court cause Defendant to restore this money to Plaintiff and members of the

2   putative Class and Sub-Class, and to enjoin Defendant from continuing to violate California

3   Business & Professions Code §17500, *et seq.* or violating it in the same fashion in the future as

4   discussed above.  Otherwise, Plaintiff and those similarly situated will continue to be harmed by

5   Defendant's false and/or misleading advertising.

6        62.    Pursuant to California Business & Professions Code 17535, Plaintiff seeks an order of

7   this Court ordering Defendant to fully disclose the true nature of its misrepresentations.  Plaintiff

8   additionally requests an order requiring Defendant to disgorge its ill-gotten gains and/or award full

9   restitution of all monies wrongfully acquired by Defendant by means of such acts of false

10  advertising, plus interest and attorneys fees so as to restore any and all monies which were acquired

11  and obtained by means of such untrue and misleading advertising, misrepresentations and omissions,

12  and which ill-gotten gains are still retained by Defendant.  Plaintiff and the putative Class and Sub-

13  Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is

14  not granted.

15       63.    Plaintiff and the putative Class and Sub-Class are therefore entitled to the relief

16  described below.

## SIXTH CAUSE OF ACTION
### (Violation of Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq.)

19       64.    Plaintiff hereby incorporates by reference each and every allegation contained in the

20  preceding paragraphs of this Complaint as if fully rewritten herein.

21       65.    Plaintiff realleges and incorporates herein by reference each of the foregoing

22  paragraphs, and further alleges as follows.

23       66.    This cause of action is brought pursuant to the Consumers Legal Remedies Act,

24  California Civil Code1750, et seq. (the "CLRA").

25       67.    Plaintiff and each member of the proposed Class and Sub-Class are "consumers"

26  within the meaning of Civil Code 1761(d).

27

28

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

68.   The purchases of the Kona Blend Coffee by consumers constitute "transactions" within the meaning of Civil Code 1761(e) and the Kona Blend Coffee offered by Safeway constitutes "goods" within the meaning of Civil Code 1761(a).

69.   Safeway has violated, and continues to violate, the CLRA in at least the following respects:

      a.  in violation of Civil Code §1770(a)(5), Safeway represents that the transaction had characteristics which it did not have;

      b.  in violation of Civil Code § 1770(a)(7), Safeway represents that its goods were of a particular standard, quality or grade, which they were not; and

      c.  in violation of Civil Code § 1770(a)(9), Safeway advertised its goods with the intent not to provide what it advertised.

The representations in violation of the CLRA alleged here are contained on Safeway's Kona Blend Coffee labels.

70.   Plaintiff and the members of the Class and Sub-Class request that this Court enjoin Safeway from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above, pursuant to California Civil Code 1780(a)(2). Unless Safeway is permanently enjoined from continuing to engage in such violations of the CLRA, future consumers of Safeway's Kona Blend Coffee will be damaged by its acts and practices in the same way as have Plaintiff and the members of the proposed Class and Sub-Class.

71.   Pursuant to Civil Code 1782, in conjunction with the filing of this action, Plaintiff notified Safeway in writing of the particular violations of Civil Code 1770 and demanded that Diamond repair, or otherwise rectify the problems associated with its illegal behavior detailed above, which actions are in violation of Civil Code 1770.

72.   If Safeway fails to respond adequately within 30 days of Plaintiff's notice, pursuant to Civil Code § 1782(b), Plaintiff hereby requests, and may amend or seek leave to amend her complaint to request the following damages as provided for in Civil Code § 1780:

      a.  actual damages in excess of the jurisdictional limits of this Court;

b.  an order enjoining methods, acts and/or practices, as outlined above, which are in violation of Civil Code 1770;

c.  punitive damages;

d.  any other relief which the Court deems proper; and court costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Restitution Based On Quasi-Contract/Unjust Enrichment)

73.  Safeway's conduct in enticing Plaintiff, the Class and the Sub-Class to purchase its Kona Blend Coffee through its false and misleading packaging as described throughout this Complaint is unlawful because the statements contained on its product labels are misleading. Safeway took monies from Plaintiff, Class and Sub-Class members for a product promised and represented to be a "Kona Blend" and from "Hawaii's big island" or that it portrayed the "Kona Blend" as containing a majority or substantial proportion of Kona beans, even though the product it sold is substantially not Kona coffee and largely not from Hawaii's big island, as specified throughout this Complaint.  Safeway has been unjustly enriched at the expense of Plaintiff, Class and Sub-Class members as a result of its unlawful conduct alleged herein, thereby creating a quasi-contractual obligation on Safeway to restore these ill-gotten gains to Plaintiff, the Class and the Sub-Class.

74.  As a direct and proximate result of Safeway's unjust enrichment, Plaintiff, the Class and the Sub-Class members are entitled to restitution or restitutionary disgorgement in an amount to be proved at trial.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

**PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the Class and Sub-Class, request award and relief as follows:

A.      An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed Class and Sub-Class Representative and Plaintiff's counsel be appointed Class and Sub-Class Counsel.

B.      Restitution in such amount that Plaintiff and all Class and Sub-Class members paid to purchase Kona Blend Coffee products, or the profits Safeway obtained from those transactions.

C.      Compensatory damages;

D.      Punitive damages;

E.      A declaration and order enjoining Safeway from advertising its products misleadingly, in violation of California's Sherman Food, Drug and Cosmetic Law and other applicable laws and regulations as specified in this Complaint.

F.      An order awarding Plaintiff her costs of suit, including reasonable attorneys' fees and pre and post-judgment interest.

G.      An order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Safeway as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein.

H.      Such other and further relief as may be deemed necessary or appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

Dated: August 30, 2011                 **LAW OFFICE OF JANET LINDNER**
                                        **SPIELBERG**

                                        By: _____
                                              Janet Lindner Spielberg

                                        12400 Wilshire Boulevard, Suite 400
                                        Los Angeles, California 90025
                                        Tel: (310) 392-8801
                                        Fax: (310) 278-5938
                                        Email: jlspielberg@jlslp.com

19

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.:

Joseph N. Kravec, Jr.
Wyatt A. Lison
Maureen Davidson-Welling
**STEMBER FEINSTEIN DOYLE
  & PAYNE, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@stemberfeinstein.com
         wlison@stemberfeinstein.com
         mdavidsonwelling@stemberfeinstein.com

Michael D. Braun
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Tel: (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com


*ATTORNEYS FOR PLAINTIFF*

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief; Case No.: